**WO**                                                                                                    RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Corday Frierson,                          )    No. CV-05-3003-PHX-MHM (MEA)
                                          )
            Plaintiff,                    )    **ORDER**
                                          )
vs.                                       )
                                          )
Joseph M. Arpaio, et al.,                 )
                                          )
            Defendants.                   )
                                          )
_____   )

        Plaintiff Corday Frierson, confined in the Arizona State Prison Complex-Tucson, has

filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  This action is one of

more than 1,000 lawsuits filed in this District since September 2004 alleging that the

overcrowded conditions in the Maricopa County jail system have resulted in a variety of

constitutional violations.[2]  The Court will call for an answer from Defendant Arpaio to

Counts II and III of the Complaint, and will dismiss Count I and Defendants Sheridan and

---

[1]When Plaintiff filed the Complaint, he was confined in the Maricopa County Lower
Buckeye Jail.

[2]Many inmates apparently believe that they will receive an immediate payout from a fund
established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The
inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time
expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1    Anderson.

2    **I. Application to Proceed *In Forma Pauperis* and Filing Fee**

3           Plaintiff did not pay the $250.00 filing fee, but filed a certified Application to Proceed

4    *In Forma Pauperis* with the Complaint, which did not include a certified copy of his six-

5    month trust fund account statement.  By Order filed October 21, 2005 (Doc. #4), Plaintiff's

6    deficient Application To Proceed was denied without prejudice and Plaintiff was given 30

7    days to either pay the $250.00 filing fee or file a new Application to Proceed and a certified

8    copy of his inmate trust fund account statement for the six months immediately preceding

9    the filing of the Complaint.

10          On November 22, 2005, Plaintiff filed a new Application To Proceed (Doc. #7) which

11   was also deficient in several respects.  By Order filed May 4, 2006 (Doc. #9), Plaintiff's new

12   Application to Proceed was denied without prejudice and Plaintiff was again given 30 days

13   to either pay the $250.00 filing fee or file a new Application To Proceed and a certified copy

14   of his six-month trust fund account statement from the Central Office of the Arizona

15   Department of Corrections (ADOC).  On May 26, 2006, Plaintiff filed a new, certified

16   Application to Proceed (Doc. # 10) and a certified copy of his six-month trust fund account

17   statement from Central Office of the ADOC.

18          Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #10) will be granted.  28

19   U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $250.00.  The Court will

20   assess an initial partial filing fee of $14.00.  28 U.S.C.§ 1915 (b) (1) (A). The remainder of

21   the fee will be collected monthly in payments of 20% of the previous month's income each

22   time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will

23   enter a separate Order requiring the appropriate government agency to collect the fees

24   according to the statutory formula.

25   **II. Statutory Screening of Prisoner Complaints**

26          The Court is required to screen complaints brought by prisoners seeking relief against

27   a governmental entity or officer or employee of a governmental entity.   28 U.S.C.

28   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

1   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

2   be granted, or that seek monetary relief from a defendant who is immune from such relief.

3   28 U.S.C. § 1915A(b)(1),(2).

4   **III.  Complaint**

5       Plaintiff's action concerns 1) retaliation, 2) overcrowding, and 3) unsanitary and

6   unhealthy conditions in the Maricopa County Durango Jail.

7       Plaintiff names the following Defendants: 1) Joseph M. Arpaio, Maricopa County

8   Sheriff; 2) Gerrard Sheridan, Chief of Custody at Maricopa County Jails; and 3) Anderson,

9   Lieutenant, Durango Jail Commander.

10      Plaintiff requests injunctive relief and compensatory and punitive monetary relief.

11  **IV.  Discussion**

12      **A.  Count I**

13      In Count I of the Complaint, Plaintiff claims that his rights to due process through the

14  grievance procedure were violated by Maricopa County Sheriff's Office staff when his

15  grievance for unsanitary and overcrowded conditions and for being served only two meals

16  a day was torn up by a Detention Officer and his entire pod was put under 24-hour lockdown.

17  Plaintiff claims that Ground I involves the issue of retaliation.

18      To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an

19  affirmative link between the alleged injury and the conduct of an individual Defendant.

20  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  In Count I, Plaintiff has not linked his

21  alleged injury with the conduct of a named Defendant.   Instead, Plaintiff has made

22  allegations against unidentified "Maricopa County Sheriff's Office staff" and an unnamed

23  Detention Officer.  This is not sufficient to state a claim.

24      Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519

25  (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board

26  of Regents of the University of Alaska, 673 F.2d 266 (9th Cir. 1982); Rhodes v. Robinson,

27  612 F.2d 766, 772 (3rd Cir. 1979).  Further, a liberal interpretation of a civil rights complaint

28  may not supply essential elements of the claim that were not initially pled.  Ivey, 673 F.2d

TERMPSREF                                    - 3 -

1   at 268.

2         Accordingly, Count I of the Complaint will be dismissed without prejudice for failure

3   to state a claim upon which relief may be granted.

4         **B.  Counts II and III**

5         In Count II of the Complaint, Plaintiff claims that his Eighth Amendment rights were

6   violated by the overcrowded living conditions at the Maricopa County Durango Jail.  In

7   Count III of the Complaint, Plaintiff claims that his Eighth Amendment rights were violated

8   by the unsanitary and unhealthy living conditions at the Durango Jail.

9         Liberally construed, Plaintiff's Counts II and III adequately state claims for relief

10  under the Eighth Amendment against Defendant Joseph M. Arpaio, who Plaintiff generally

11  alleges sets the rules and guidelines for all the Maricopa County Jails.  Accordingly, the

12  Court will call for an answer from Defendant Arpaio to Counts II and III of the Complaint.

13        In so doing, the Court notes that in Counts II and III of his Complaint Plaintiff alleges

14  generally that the guidelines in "Hart vs. M.C.S.O." have been violated.  The Court assumes

15  that Plaintiff is referring to the class action of Hart v. Hill, CV 77-0479-PHX-EHC (MS).

16        Plaintiff should note that with respect to any injunctive relief sought by him in

17  connection with the rights enumerated in the Amended Judgment of Hart, that relief may

18  only be sought or enforced within the original case.  The Amended Judgment precludes

19  Plaintiff from seeking separate and individual injunctive relief.

20        Plaintiff should also note with respect to any claim for monetary damages that Hart

21  provides no independent cause of action.  Although the class action does not foreclose an

22  individual complaint for damages, see Hiser v. Franklin, 94 F.3d 1287 (9th  Cir.), Plaintiff

23  must demonstrate some right of action and legal entitlement to the monetary damages he

24  seeks.

25  **V. Dismissal of Defendants**

26        As previously noted, to state a viable constitutional claim under 42 U.S.C. § 1983

27  Plaintiff must show an affirmative link between the alleged injury and the conduct of an

28  individual Defendant.  Rizzo, 423 at 371-72, 377.  To state a claim against an official, the

1  civil rights complainant must allege that the official personally participated in the

2  constitutional deprivation, or that a supervisory official was aware of the widespread abuses

3  and with deliberate indifference to the inmate's constitutional rights failed to take action to

4  prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); See also

5  Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978);

6  Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

7  There is no liability under 42 U.S.C. § 1983 based on a theory of respondeat superior,

8  and therefore, a defendant's position as the supervisor of persons who allegedly violated a

9  plaintiff's constitutional rights does not impose liability.  Monell, 436 U.S. at 691; West v.

10  Atkins, 487 U.S. 42, 54 n.12 (1988); Ybarra v. Reno Thunderbird Mobile Home Village, 723

11  F.2d 675, 680-81 (9th Cir. 1984).

12  Although Plaintiff names Gerrard Sheridan and Lieutenant Anderson as Defendants,

13  he has not made any allegations against any of them individually in the body of the

14  Complaint.  Plaintiff does not allege in any of his counts that they personally participated in

15  the deprivation of Plaintiff's constitutional rights, nor does he allege that they were aware of

16  widespread abuses and failed to act.  Moreover, Plaintiff's general allegations that these two

17  Defendants follow the guidelines set by Defendant Arpaio are not sufficient to state a claim.

18  Accordingly, Defendants Gerrard Sheridan and Anderson are not proper Defendants and will

19  be dismissed from this action without prejudice for failure to state a claim upon which relief

20  may be granted.

21  **VI. Warnings**

22  **A. Release**

23  Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

24  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

25  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

26  in dismissal.

27  **B. Address Changes**

28  Plaintiff must file and serve a notice of a change of address 10 days before the move

1   is effective, if practicable.  <u>See</u> LRCiv 83.3(d).  Plaintiff must not include a motion for other

2   relief with a notice of change of address.  Failure to comply may result in dismissal.

3       **C.  Copies**

4       Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

5   of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must be accompanied by

6   a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff

7   must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  The Court

8   may strike any filing that fails to comply with these requirements.

9       **D.  Possible Dismissal**

10      Plaintiff is warned that failure to timely comply with every provision of this Order,

11  including these warnings, may result in dismissal of this action without further notice.  <u>See</u>

12  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an

13  action for failure to comply with any order of the Court).

14  **IT IS ORDERED:**

15      (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #10) is **granted**.

16      (2)  As required by the accompanying Order to the appropriate government agency,

17  Plaintiff must pay the $250.00 filing fee and is assessed an initial partial filing fee of $14.00.

18      (3)  Count I of the Complaint is **dismissed** without prejudice for failure to state a

19  claim upon which relief may be granted.

20      (4)  Defendants Gerrard Sheridan and Anderson are **dismissed** from this action

21  without prejudice for failure to state a claim upon which relief may be granted.

22      (5)  Defendant Joseph M. Arpaio **must answer** Counts II and III of the Complaint.

23      (6)  The Clerk of Court **must send** Plaintiff a service packet including the Complaint

24  (Doc.#1), this Order, and both summons and request for waiver forms for Defendant Joseph

25  M. Arpaio.

26      (7)  Plaintiff must complete and return the service packet to the Clerk of Court within

27  20 days of the date of filing of this Order.  The United States Marshal will not provide

28  service of process if Plaintiff fails to comply with this Order.

1       (8)  If Plaintiff does not either obtain a waiver of service of the summons or complete

2   service of the Summons and Complaint on Defendant within 120 days of the filing of the

3   Complaint or within 60 days of the filing of this Order, whichever is later, the action may be

4   dismissed as to the Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil

5   Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

6       (9)  The United States Marshal must retain the Summons, a copy of the Complaint,

7   and a copy of this Order for future use.

8       (10)  The United States Marshal must notify Defendant Joseph M. Arpaio of the

9   commencement of this action and request waiver of service of the summons pursuant to Rule

10  4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy

11  of this Order.  The Marshal must immediately file requests for waivers that were returned as

12  undeliverable and waivers of service of the summons.  If a waiver of service of summons is

13  not returned by Defendant within 30 days from the date the request for waiver was sent by

14  the Marshal, the Marshal must:

15      (a)  Personally serve copies of the Summons, Complaint, and this Order upon

16  Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

17      (b)  Within 10 days after personal service is effected, file the return of service

18  for Defendant, along with evidence of the attempt to secure a waiver of service of the

19  summons and of the costs subsequently incurred in effecting service upon Defendant.

20  The costs of service must be enumerated on the return of service form (USM-285) and

21  must include the costs incurred by the Marshal for photocopying additional copies of

22  the Summons, Complaint, or this Order and for preparing new process receipt and

23  return forms (USM-285), if required.  Costs of service will be taxed against the

24  personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of

25  Civil Procedure, unless otherwise ordered by the Court.

26      (11)  **If Defendant agrees to waive service of the Summons and Complaint, he**

27  **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

28      (12)  Defendant Arpaio must answer the Complaint or otherwise respond by

1    appropriate motion within the time provided by the applicable provisions of Rule 12(a) of

2    the Federal Rules of Civil Procedure.

3        (13)  This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

4    72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

5        DATED this 18th day of July, 2006.

6

7

8    _____
                     Mary H. Murguia
9                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28