WO                                                                                                          **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Corday Frierson,            )   No. CV 05-3003-PHX-MHM-MEA
                            )
    Plaintiff,    )   **ORDER**
                            )
vs.                         )
                            )
Joseph M. Arpaio,           )
                            )
    Defendant.    )
_____)

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 14). Plaintiff responded, and Defendant replied (Doc. ## 19, 22). The Court will grant Defendant's motion and terminate this action.

**I.   Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio alleging that Plaintiff's constitutional rights were violated by (1) overcrowded and (2) unsanitary conditions at the Lower Buckeye Jail (Doc. # 1 at 5-6). Defendant Arpaio was ordered to answer counts I and II of the Complaint and he subsequently filed a Motion to Dismiss on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. ## 11, 14).[1] In support of his motion, Defendant submitted (1) an affidavit of Sergeant Zelean Tademy and (2) the Maricopa County Sheriff's Office's Inmate Grievance Procedures (Doc. # 14, Ex. 1).

///

---

[1] Count I and the remaining Defendants were dismissed from Plaintiff's Complaint for failure to state a claim (Doc. # 11).

## II.     Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.    Analysis

Plaintiff brought a Complaint claiming that the Lower Buckeye Jail was severely overcrowded and unsanitary (Doc. # 1 at 5-6). In his Complaint, Plaintiff acknowledged that a grievance system existed at the Jail, but Plaintiff claimed that "detention officers use threats and intimidation to cease and desist all complaints" (Id.).

In support of his motion to dismiss, Defendant submitted the affidavit of Sergeant Zelean Tademy (Tademy Aff., Ex. 1, Doc. # 14). Tademy asserts that he has searched Plaintiff's file for records of grievances, but that Plaintiff did not file any grievances during his incarceration in the Maricopa County Jail System (Id. at ¶ 12). Tademy further attests that other inmates at the Lower Buckeye Jail were able to file grievances related to overcrowded and unsanitary conditions.

Plaintiff sought an extension of time to respond to Defendant's motion and to begin the grievance process (Doc. # 16). Plaintiff responded on December 22, 2006 and averred

that he asked detention officers for grievance forms, but that he never received any (Doc. # 19). Plaintiff seems to argue there were no "available remedies" to him and therefore he was not required to exhaust his administrative remedies. Plaintiff's argument fails for at least two reasons. First, Plaintiff has not specifically named *any* of the officers who refused his request for grievance forms nor has he described with any degree of specificity what transpired to prevent him from filing grievances. Second, Plaintiff has made inconsistent statements regarding exhaustion. In his Complaint, Plaintiff claimed that detention officers utilized threats and intimidation to prevent him from filing grievances. Now it appears as though Plaintiff has abandoned that argument.

Defendant replied that all issues may be grieved and that detention officers pass out grievance forms to inmates who request them. Defendant further replied that other inmates were able to grieve those same issues during the same time period of Plaintiff's incarceration (Doc. # 22 at 3).

In light of Plaintiff's generalized allegation that detention officers told him that his issues were not grievable and Defendant's evidence that the same issues were frequently grieved during the time that Plaintiff was incarcerated at the Lower Buckeye Jail, Defendant has demonstrated that Plaintiff failed to exhaust available remedies with respect to overcrowding and unsanitary conditions.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. # 14) is **granted**, and Plaintiff's action is dismissed without prejudice. The Clerk shall terminate this action.

DATED this 3rd day of May, 2007.

_____
Mary H. Murguia
United States District Judge